IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Melodie Shuler, | ) | C/A No. 5:19-1014-MGL-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Carlene Jenkins; Calvin Hall, | ) | |
| Defendants. | ) | |

The plaintiff, Melodie Shuler, proceeding *pro se*, brings this civil rights and personal injury action.[1] The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the jurisdictional deficiencies identified herein.

**I.  Factual and Procedural Background**

Plaintiff indicates she signed a lease with Defendant Carlene Jenkins in January 2015, but Jenkins never left the residence and moved her daughter into the leased premises without offsetting the rent.[2] (Compl. ¶ 97, ECF No. 3 at 28.) Plaintiff claims Jenkins told her that if she moved to

---

[1] This case was severed from Civil Action No. 5:19-88-MGL-PJG. Because the complaint from that case is docketed as the initial pleading in this case, the Complaint includes allegations and claims that are not at issue in this case. In the order severing these cases, the court directed that this matter apply only to Plaintiff's claims against her former landlord, Carlene Jenkins, and Jenkins's son, Calvin Hall, for an eviction and physical altercation. (ECF No. 1 at 2.)

[2] The Complaint is unclear, but it appears Jenkins's residence was in Orangeburg County, South Carolina.

Page 1 of 8



South Carolina, Jenkins would give Plaintiff some nearby land where Plaintiff could practice law. (Id. ¶ 104, ECF No. 3 at 30.) Plaintiff also claims she paid Jenkins's entire mortgage and utility bills and moved to South Carolina with her family in reliance on this statement. (Id.)

Additionally, Plaintiff alleges Jenkins made false statements to the police department and supported the police officer's suggestion that Plaintiff be evicted. (Id. ¶ 98, ECF No. 3 at 28.) Plaintiff claims she and her family moved out of the residence at some point but when they returned to gather their property, Jenkins damaged $1,250.00 worth of Plaintiff's personal property and scattered the property throughout the premises. (Id.) Plaintiff also claims Jenkins threw away Plaintiff's two pet turtles. (Id.)

Plaintiff alleges that despite being current on her rent payments, Jenkins's son, Calvin Hall, changed the locks to the residence while Plaintiff was away on a work trip on January 9, 2016. (Id. ¶ 101, ECF No. 3 at 29.) Plaintiff claims that when she returned, she and her children tried to enter the residence but Jenkins blocked them from entering, pushed Plaintiff, and swung an axe "near" Shuler and her family, and Shuler's husband had to subdue Jenkins. (Id. ¶¶ 101, 130, ECF No. 3 at 29, 34.) Plaintiff also claims Jenkins made false statements to law enforcement that Plaintiff kicked down Jenkins's door, assaulted her, and threatened her. (Id. ¶ 209, ECF No. 3 at 46-47.)

Plaintiff expressly raises claims of breach of contract, specific performance, and common law battery against Jenkins. (Id., ECF No. 3 at 28-30, 34-35.) Plaintiff also expressly raises claim against Jenkins and Hall for defamation, (id., ECF No. 3 at 46-47), and civil conspiracy pursuant to 42 U.S.C. § 1985, (id., ECF No. 3 at 44-46). Finally, Plaintiff raises claims of intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and state constitutional

violations against all of the defendants listed in the pleading, but Plaintiff does not provide any allegations specific to Jenkins and Hall as to these claims.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B. Analysis

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate federal jurisdiction over his claim. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal

Page 3 of 8

PJG

statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in Plaintiff's Complaint does not fall within the scope of either of these forms of this court's limited jurisdiction.

First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The only federal question apparent on the face of the Complaint against Jenkins and Hall is Plaintiff's assertion of a cause of action for conspiracy to deprive Plaintiff of equal protection of the laws pursuant to 42

U.S.C. § 1985. See Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) ("[T]o establish a sufficient cause of action for 'conspiracy to deny equal protection of the laws' under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. . . . [and] an agreement or a meeting of the minds by the defendants to violate the plaintiff's constitutional rights.") (internal citations, quotation marks, and alterations omitted). Otherwise, the other causes of action raised by Plaintiff are state tort law actions.

However, Plaintiff makes no allegations that would plausibly show Jenkins and Hall conspired to deny Plaintiff equal protection of the law. Plaintiff alleges only that Jenkins and Hall are "included" in a unspecified group of people that conspired with law enforcement officers who she alleges prosecuted her for exercising her First Amendment right to voice opposition to an unlawful arrest. (Compl. ¶¶ 191, 200, ECF No. 3 at 44, 46.) Plaintiff provides no facts about Jenkins or Hall to support her conspiracy claim. See A Soc'y Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) ("We have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.") (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)).

Because Plaintiff's sole federal claim is conclusory and lacking any factual basis, the court finds that Plaintiff fails to plausibly show federal question jurisdiction in this case. See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that where the alleged federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United

States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy," subject matter jurisdiction does not exist over that claim) (citing Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)); see also See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978). In absence of diversity of citizenship, the amount in controversy is irrelevant. Here, Plaintiff expressly states she is a citizen and resident of South Carolina. (Compl. ¶ 4, ECF No. 3 at 3.) And while she does not allege Jenkins and Hall's citizenship, she lists South Carolina addresses for Jenkins and Hall (and a Virginia address for Hall). (Id. at 2.) Thus, Plaintiff fails to demonstrate that this court would have diversity jurisdiction in this matter.

Consequently, Plaintiff's Complaint is subject to summary dismissal for lack of subject matter jurisdiction. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of

Page 6 of 8
PJG

Civil Procedure 15(a) that corrects the deficiencies identified above.[3]  If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 24, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915.  Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *__ALL__* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).